UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA   '25CV1664 JES JLB

Jacob Matthew, a Private Minnesotan, Trustee of a Private, Foreign Equitable Trust,
Plaintiff,

v.

United States,
United States Department of State,
San Diego Passport Agency,
Marco Rubio, in his official capacity as Secretary of State,
Defendants.

Case No.:

**Plaintiff's Contact Information**
Jacob Matthew
c/o 29489 Miller Road
Valley Center, CA 92082
Phone: (763) 258-3004
Email: jakej2284@gmail.com
Sui Juris Plaintiff

VERIFIED EQUITABLE COMPLAINT FOR SPECIFIC PERFORMANCE

# I. INTRODUCTION

1. I, Jacob Matthew, a living man born on October 2, 1991, on the land of Minnesota, acting in private capacity as a private Minnesotan recognized and affirmed for my equitable estate and status by the Superior Court of California, County of San Diego, Case No. 24CU019517N (Exhibit 1), granted on December 13, 2024, and as Trustee of the Jacob Matthew: Jensen Family Trust, a private, foreign pure equitable trust executed on December 18, 2024, file this Verified Equitable Complaint to compel Defendants to issue a U.S. passport reflecting my private capacity, without wrongful demands, as equity ensures my intent governs: "equity looks to the intent rather than the form," as supported by *Pomeroy v. Bell*, 118 Cal. 635, 641 (1897), per "equity will not suffer a wrong without a remedy." Defendants' demand for a Social Security Number (SSN) would designate me as a statutory persona, breaching my fiduciary duty, exposing trust assets and beneficiaries to statutory obligations, and undermining the trust's foreign status, per "equity protects the innocent."

## II. JURISDICTION AND VENUE

2. This Honorable Court, vested with inherent chancery powers, is called upon to protect my unalienable rights and fiduciary duties, as supported by *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982), per "equity acts in personam." The wrongs occurred within the Southern District of California, where the San Diego Passport Agency is located, rendering this forum proper, per "equity reaches the place where injustice was wrought."

## III. PARTIES

3. Plaintiff Jacob Matthew is a living man acting in private capacity as a private Minnesotan, distinct from any statutory persona, as supported by *Hale v. Henkel*, 201 U.S. 43, 74 (1906), and as Trustee of a private, foreign equitable trust, per "equity protects the innocent."
4. Defendant United States is a sovereign entity responsible for its agencies' actions.
5. Defendant United States Department of State is a federal agency overseeing passport issuance.
6. Defendant San Diego Passport Agency, at 1 Columbia Place, 401 W A Street, Suite 350, San Diego, CA, wrongfully withheld Plaintiff's passport.
7. Defendant Marco Rubio, in his official capacity as Secretary of State, oversees the Department of State, per "equity acts in personam."

## IV. FACTUAL ALLEGATIONS

8. I was born on the land of Minnesota on October 2, 1991, into a private equitable estate, possessing unalienable rights to privacy, travel, equitable treatment, and freedom from arbitrary burdens, as supported by *United States v. Cruikshank*, 92 U.S. 542, 553 (1875), per "equity protects the innocent."
9. On December 18, 2024, I executed the Jacob Matthew: Jensen Family Trust, a private, foreign pure equitable trust, accepting trusteeship to manage its assets and protect its beneficiaries, none of whom are subject to statutory obligations, per "equity regards substance over form" (Exhibit7: Certificate of Trust; Exhibit 8: Notice of Acceptance by Trustee).
10. On October 4, 2024, I applied for a U.S. passport at the Valley Center Post Office, providing my Minnesota birth certificate and a sworn statement that I have never been issued an SSN. Defendants wrongfully withheld the passport, demanding an SSN, threatening my fiduciary duty and the trust's foreign status (Exhibit 2: Letter from Dept of State, Oct. 17, 2024), per "equity abhors a forfeiture."

11. On April 28, 2025, I applied at the San Diego Passport Agency with private birth records, photos, and trust documentation. Defendants demanded additional documents, wrongfully restraining my privacy, per "equity protects against unjust disclosure."
12. On April 30, 2025, I sent notices via certified mail to the San Diego Passport Agency (Exhibit 3), Marco Rubio (Exhibit 4), the Office of Inspector General (Exhibit 5), California Attorney General, and U.S. Attorney General (Exhibit 6), demanding remedy, with no response, constituting acquiescence, per "equity regards silence as admission."
13. On May 21, 2025, I resubmitted my application with my birth certificate, affidavits from my parents, private birth records, trust documentation, and a sworn statement affirming no SSN. Defendants placed it on hold, again demanding an SSN, risking breach of my fiduciary duty (Exhibit 9: Letter from Dept. of State, June 6, 2025), per "equity demands justice."
14. Defendants' demands exacerbated the harm from a June 20, 2025, incident where tribal officers wrongfully detained me, partly due to lacking a "standard" government ID, as detailed in my federal Complaint (Case No. pending, U.S. District Court, Southern District of California), per "equity will not suffer a wrong without a remedy."

## V. UNALIENABLE RIGHTS

15. As a living man in private capacity and Trustee, born on the land of Minnesota, I possess unalienable rights predating government, protected in equity: a. **Right to Privacy**: I may shield my personal information and trust affairs, as supported by *Griswold v. Connecticut*, 381 U.S. 479, 485 (1965), per "equity protects against unjust disclosure." b. **Right to Freedom from Arbitrary Burdens**: I am free from unjust government demands, as supported by *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886), per "equity abhors a forfeiture." c. **Right to Equitable Treatment**: I am entitled to fair and just treatment, as supported by *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), per "equity demands justice." d. **Right to Travel**: I may travel freely, as supported by *Saenz v. Roe*, 526 U.S. 489, 504 (1999), per "equity protects the innocent." e. **Right to a U.S. Passport**: I am entitled to a U.S. passport to facilitate international travel, reflecting my private capacity, as supported by *Kent v. Dulles*, 357 U.S. 116, 125 (1958), per "equity will not suffer a wrong without a remedy." f. **Right to Exist as a Natural Person**: I may act as a living man, distinct from statutory constructs, as supported by *Hale v. Henkel*, 201 U.S. 43, 74 (1906), per "equity regards substance over form." g. **Right to Fulfill Fiduciary Duty**: I may manage my trust without statutory interference, as supported by *Bogert v. Bogert*, 138 Cal. App. 2d 405, 410 (1956), per "equity acts in personam."

## VI. CAUSE OF ACTION: WRONGFUL DEPRIVATION OF UNALIENABLE RIGHTS

16. Plaintiff incorporates paragraphs 1–15.

17. Defendants wrongfully deprived Plaintiff of his unalienable rights to privacy, travel, a U.S. passport, equitable treatment, freedom from arbitrary burdens, and fulfillment of fiduciary duty by withholding his passport and demanding an SSN, despite his sworn affirmation of no SSN, risking breach of trust obligations, as supported by *Kent v. Dulles*, 357 U.S. 116, 125 (1958) and *Griswold v. Connecticut*, 381 U.S. 479, 485 (1965), per "equity will not suffer a wrong without a remedy."
18. These actions caused ongoing harm to Plaintiff's equitable estate and trust, warranting specific performance, per "equity demands justice."

## VII. IRREPARABLE HARM

19. Defendants' wrongful withholding of Plaintiff's passport prevents his travel, causing irreparable harm, including missing family events (niece's birth, Easter, branding, and future events, family reunion July 8–12, 2025, Lakota Sundance Ceremony July 12–14, 2025) and professional obligations abroad in England, as supported by *Saenz v. Roe*, 526 U.S. 489, 504 (1999), per "equity protects the innocent."
20. The lack of a passport and SSN demand threaten to designate Plaintiff as a statutory persona, breaching his fiduciary duty, exposing trust assets and beneficiaries to statutory obligations, and undermining the trust's foreign status, per "equity abhors a forfeiture."
21. The passport denial exacerbated a June 20, 2025, wrongful detainment by tribal officers, due to lacking a "standard" government ID, as detailed in a separate federal Complaint, increasing harm to Plaintiff's equitable estate and trust, per "equity will not suffer a wrong without a remedy."

## VIII. EXHAUSTION OF ADMINISTRATIVE REMEDIES EXCUSED

22. Plaintiff pursued administrative remedies in good faith, submitting an appeal on June 10, 2025, for Defendants' passport denials (Exhibit 10: Appeal Letter to Dept. of State (June 10, 2025) (Application Numbers: 430383952, 763015922). However, exhaustion is excused due to futility, irreparable harm, and equitable wrongs, as supported by *McCarthy v. Madigan*, 503 U.S. 140, 146–47 (1992), per "equity acts with speed."
23. Defendants' demands for an SSN, despite Plaintiff's sworn affirmation of no SSN issuance, render the appeal process futile, as the administrative framework does not allow relief for such denials, per "equity demands justice."
24. Plaintiff's notices (Exhibit 11: Notice of Fiduciary Relations (February 13 2025) to Defendants and related officials (Exhibits 3; 4; 5; 6 (April 30, 2025) and Exhibit 10 (June 10, 2025) received no response, constituting acquiescence, per "equity regards silence as admission."
25. Continued denials cause irreparable harm, preventing travel for family events and professional obligations, threatening trust integrity, and exacerbating incidents like the June 20, 2025, detainment, per "equity protects the innocent."

26. The administrative appeal process offers no equitable relief, as it cannot issue a passport reflecting Plaintiff's private capacity, as supported by *Hale v. Henkel*, 201 U.S. 43, 74 (1906), per "equity regards substance over form."
27. Judicial intervention is necessary to remedy these equitable wrongs, per "equity will not suffer a wrong without a remedy."

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. An order compelling Defendants to issue a U.S. passport to Jacob Matthew, reflecting his private capacity as a Minnesotan, without wrongful demands, as supported by *Saenz v. Roe*, 526 U.S. 489, 504 (1999), per "equity demands justice."

B. Injunctive relief prohibiting Defendants from demanding an SSN or other wrongful burdens that would breach Plaintiff's fiduciary duty or expose the trust to statutory obligations, as supported by *Ex parte Young*, 209 U.S. 123, 159 (1908), per "equity acts in personam."

C. Injunctive relief waiving filing fees, as Plaintiff's indigence results from Defendants' actions, as supported by *Boddie v. Connecticut*, 401 U.S. 371, 374 (1971), per "equity aids the vigilant."

D. Any other equitable relief the Court deems just, as supported by *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982), per "equity provides complete relief."

## X. VERIFICATION

I, Jacob Matthew, certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, as a living man acting in private capacity, and as Trustee, seeking the Court's equitable protection as a Beneficiary, in accordance with my God-given, unalienable rights and equitable estate, per "equity demands truth."

**DATED**: June 28, 2025
**Respectfully submitted,**

Jacob Matthew, in Private Capacity
c/o 29489 Miller Road
Valley Center, CA 92082
Phone: (763) 258-3004
Email: jakej2284@gmail.com
Sui Juris Plaintiff

**Autograph:** *Jacob Matthew* /Beneficiary   Executed: June 29, 2025
Jacob Matthew, Without Prejudice, All Rights Reserved, Without Recourse
Private Minnesotan, Sui Juris, In Private Capacity

## XI. EXHIBITS

1. California Superior Court Case: 24CU019517N (December 13, 2024)
2. Letter from Dept of State (Oct. 17, 2024)
3. Notice to San Diego Passport Agency (Apr. 30, 2025)
4. Notice to Marco Rubio (Apr. 30, 2025)
5. Notice to Office of Inspector General (Apr. 30, 2025)
6. Notice to California Attorney General, U.S. Attorney General (Apr. 30, 2025)
7. Certificate of Trust (Dec. 18, 2024)
8. Notice of Acceptance by Trustee (Dec. 18, 2024)
9. Letter from Dept. of State (June 6, 2025)
10. Appeal Letter to Dept. of State (June 10, 2025)
11. Notice of Fiduciary Relations (February 13, 2025)