UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB MATTHEW,<br><br>                    Plaintiff,<br><br>v.<br><br>UNITED STATES, UNITED STATES DEPARTMENT OF STATE, SAN DIEGO PASSPORT AGENCY, and MARCO RUBIO, in his official capacity as Secretary of State,<br><br>                    Defendants. | Case No.:   3:25-cv-01664-JES-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL THE RECORD** |

      Plaintiff brings the instant action against Defendants, seeking to compel Defendants to issue a U.S. passport without the requirement of providing a social security number ("SSN"). On June 30, 2025, Plaintiff filed a motion to seal the record. For the reasons stated herein, the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion.

### I.    LEGAL STANDARD

      "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one

1

1  'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1130. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096-98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

To show good cause, the moving party must make a "particularized showing ... with respect to any individual document," *San Jose Mercury News, Inc. v. U. S. Dist. Ct., N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999), that "specific prejudice or harm will result if no protective order is granted," *Phillips ex rel. Ests. of Byrd*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakama*, 447 F.3d at 1184. Likewise, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," are also insufficient. *Phillips*, 307 F.3d at 1211. Further, if the movant wishes to seal an entire document, it must show that the possibility of prejudice or harm would not be defeated by redacting only the sensitive portions of said document. *See In re Roman Cath. Archbishop*, 661 F.3d 417, 425 (9th Cir. 2011); *Foltz*, 331 F.3d at 1137.

/ / /

## II. DISCUSSION

Plaintiff's instant motion to seal involves documents implicating the "compelling reasons" standard. "[A]n action's complaint, and its associated exhibits, are more than tangentially related to the merits of the case." *JBS Packerland, Inc. v. Phillips Cattle Co.*, No. 24-CV-01299-BAS-MSB, 2024 WL 4427794 (S.D. Cal. Oct. 4, 2024) (citing *Ctr. for Auto Safety*, 809 F.3d at 1098). Here, Plaintiff moves to seal the entire record, including the complaint and its associated exhibits. Thus, sealing or redacting portions of such documents will require "compelling reasons."

Plaintiff has not provided the Court with compelling reasons to seal the entire record. In support of his motion, Plaintiff generally cites privacy rights but fails to explain how prejudice or harm will result from public access to the complaint and most of its associated exhibits. Indeed, he claims the documents contain trust details that, "if disclosed, would expose trust assets and beneficiaries to statutory obligations, breaching [his] fiduciary duty." The Court can only discern, with respect to Exhibits 7 and 11, two areas of sensitive and identifying information. In Exhibit 7, Plaintiff appears to cite confidential trust account information, and in Exhibit 11, Plaintiff appears to cite a "social security number" of his estate. Accordingly, the Court **GRANTS** Plaintiff's motion to seal only in respect to Exhibit 7 and 11.

## III. CONCLUSION

Accordingly, the Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion to Seal the Record. The Court **ORDERS** Exhibits 7 and 11 to remain under seal.

**IT IS SO ORDERED**.

Dated: July 1, 2025

Honorable James E. Simmons Jr.
United States District Judge