UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB MATTHEW,<br><br>                 Plaintiff,<br><br>v.<br><br>UNITED STATES, UNITED STATES DEPARTMENT OF STATE, SAN DIEGO PASSPORT AGENCY, and MARCO RUBIO, in his official capacity as Secretary of State,<br><br>                 Defendants. | Case No.:   3:25-cv-01664-JES-JLB<br><br>**ORDER:**<br><br>**(1) DISMISSING COMPLAINT PURSUANT TO SCREENING UNDER § 1915(e);**<br><br>**(2) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS;**<br><br>**(3) DENYING MOTION TO REQUEST FOR IN-CHAMBERS CONFERENCE;**<br><br>**(4) DENYING MOTION FOR PRELIMINARY INJUNCTION; AND**<br><br>**(5) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER.**<br><br>**[ECF Nos. 2, 4, 6, 7]** |

*Pro se* Plaintiff Jacob Matthew ("Plaintiff") brings the instant action against Defendants the United States, United States Department of State, San Diego Passport Agency, and Marco Rubio, in his official capacity as Secretary of State (collectively, "Defendants"), seeking to compel Defendants to issue a U.S. passport without the requirement of providing a social security number ("SSN").

Plaintiff brings several motions: (1) Motion for Leave to Proceed *in forma pauperis* ("IFP"); (2) Motion to Request for In-Chambers Conference; (3) Motion for Preliminary Injunction; and (4) Motion for Temporary Restraining Order. ECF Nos. 2, 4, 6, 7.

For the reasons stated herein, the Court **DENIES** Plaintiff's motions and **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).

## I.   BACKGROUND

Plaintiff filed his initial complaint in this matter on June 30, 2025. ECF No. 1. Plaintiff alleges several denials of his application for a U.S. passport. First, on October 4, 2024, Plaintiff applied for a passport at the Valley Center Post Office. *Id.* ¶ 10. On October 17, 2024, Plaintiff was informed that his application was subject to denial unless he verified his SSN. *See* ECF No. 1-5. On April 28, 2025, Plaintiff submitted another passport application at the San Diego Passport Agency, in which the Agency demanded "additional documents." ECF No. 1 ¶ 11. Two days later, Plaintiff sent "notices" to Defendants, and various other parties, demanding remedies but was given no response. *Id.* ¶ 12. On May 21, 2025, Plaintiff resubmitted his application with his birth certificate, affidavits from his parents, private birth records, trust documentation, and a sworn statement affirming that he had no SSN. *Id.* ¶ 13. On May 23, 2025, the San Diego Passport Agency denied his application for failure to provide an SSN. *See* ECF No. 1-11.

## II.   DISCUSSION

### A.   Screening under 28 U.S.C. § 1915(a)

A complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review by the Court. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To pass screening, all complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Plaintiff fails to state a claim upon which relief may be granted. Plaintiff brings forth a claim for "wrongful deprivation of unalienable rights," in which he alleges Defendants "wrongfully deprived [him] of his unalienable rights to privacy, travel, a U.S. passport, equitable treatment…and fulfillment of fiduciary duty by withholding his passport and demanding an SSN." ECF No. 1 ¶¶ 16-18. Though framed as a "wrongful deprivation of unalienable rights," Plaintiff appears to bring a writ of mandamus.[1]

A plaintiff may request that a district court issue a writ of mandamus to compel an officer or employee of the United States, or any agency thereof, to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. Mandamus is a drastic remedy only to be used where "(1) the plaintiff's claim is clear and certain; (2) the defendant official's duty to act is ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994) (cleaned up).

Plaintiff's claim is not clear and certain. If a plaintiff has no legal entitlement to the relief sought, a 'clear and certain' claim cannot exist, and the writ will not lie." *Lowry v. Barnhart*, 329 F.3d 1019, 1021 (9th Cir. 2003). "It is at the very least arguable" that

---

[1] In the alternative, Plaintiff's factual allegations suggest a claim under the Administrative Procedures Act ("APA"), 5 U.S.C. § 702. The APA authorizes a lawsuit for equitable relief brought by a person suffering a legal wrong because of agency action or inaction, but the complaint must identify a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704; *see also* 5 U.S.C. § 706 (scope of judicial review). "A court can compel agency action under this section only if there is a specific, unequivocal command placed on the agency to take a discrete agency action, and the agency has failed to take that action." *Vietnam Veterans of Am. v. Cent. Intel. Agency*, 811 F.3d 1068, 1075 (9th Cir. 2016) (internal marks and citation omitted). "The agency action must be pursuant to a legal obligation 'so clearly set forth that it could traditionally have been enforced through a writ of mandamus.'" *Id.* at 1075-76 (citation omitted). If Plaintiff brought an APA claim, under the factual allegations present in his complaint, it would fail for the same reasons as it does under the writ of mandamus standard.

Defendants' decision to deny Plaintiff's application was lawful. *In re California Power Exch. Corp.*, 245 F.3d 1110, 1121 (9th Cir. 2001). Indeed, constitutional challenges like Plaintiff's have failed. *See, e.g., Walker v. Tillerson*, No. 1:17-CV-732, 2018 WL 1187599, at *8 (M.D.N.C. Mar. 7, 2018), *aff'd sub nom. Walker v. Pompeo*, 735 F. App'x 69 (4th Cir. 2018) (rejecting claim that the statute violated a constitutional right to travel because "[u]nder rational basis review, [the plaintiff] has not carried his burden to demonstrate that the Government's decision to require a social security number before issuing a passport is not 'rationally related to a legitimate state interest'").

Defendants' duty to act is also not ministerial. The Secretary of State "is authorized to deny" an application that does not include an individual's SSN and "is authorized to not issue a passport to the individual." 22 U.S.C. § 2714a. The statute does not require the Secretary to take the action Plaintiff seeks. *See Tsang v. Berryhill*, 738 F. App'x 549, 550 (9th Cir. 2018) (determining the district court properly denied mandamus relief when the court could not conclude "that the Administrator's duty is non-discretionary and merely ministerial"); *cf. Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 508 (9th Cir. 1997) (defining "ministerial act" as "a clear, non-discretionary agency obligation to take a specific affirmative action, which obligation is positively commanded and so plainly prescribed as to be free from doubt"). Indeed, the Secretary's authority to issue passports "recognizes substantial discretion." *Haig v. Agee*, 453 U.S. 280, 294 n.26 (1981); 22 U.S.C. § 211a ("The Secretary of State may grant and issue passports.").[2]

Because Plaintiff fails to state a claim upon which relief may be granted, the Court **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).

### B.    Temporary Restraining Order and Preliminary Injunction

Temporary restraining orders ("TRO") are subject to substantially the same factors as preliminary injunctions. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d

---

[2] Because Plaintiff's claim fails on the first two elements, the Court will not address whether no other adequate remedy is available.

832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Generally, a plaintiff seeking a preliminary injunction must show: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest. *Id.* at 20.

The Ninth Circuit also has a "serious questions" test which dictates that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Thus, under the serious questions test, a preliminary injunction can be granted if there is a likelihood of irreparable injury to the plaintiff, serious questions going to the merits, the balance of hardships tips in favor of the plaintiff, and the injunction is in the public interest. *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).

Because the Court finds that Plaintiff cannot state a claim upon which relief may be granted, it finds that Plaintiff is unlikely to succeed on the merits of his claim. Thus, the Court declines to grant a TRO, and **DENIES** Plaintiff's motion for preliminary injunction as moot.[3]

---

[3] The Court also notes that Plaintiff is improperly seeking to obtain, by means of a TRO, the ultimate relief he seeks in this case. The sole purpose of a TRO is to preserve the status quo pending a hearing on the moving party's application for a preliminary injunction. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers*, 415 U.S. 423, 439 (1974). "Status quo" means the last uncontested status that preceded the pending controversy. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000). The purpose of a preliminary injunction is to "preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Here, Plaintiff is not attempting to preserve the status quo or the relative positions of the parties pending a determination on the merits. Rather, he is seeking a mandatory injunction that would require the government to immediately grant him a passport. The relief Plaintiff is seeking in this motion is not "temporary" or "preliminary," but rather is the exact same ultimate relief he seeks in his complaint. "[I]t is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment

**C.    Motion for Leave to Proceed *in forma pauperis***

Because Plaintiff fails to state a claim upon which relief may be granted, the Court **DENIES** Plaintiff's IFP motion as moot.

### III.    CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in forma pauperis*, Motion to Request for In-Chambers Conference, and Motion for Preliminary Injunction as moot. Further, the Court **DENIES** Plaintiff's Motion for Temporary Restraining Order.

The Court is skeptical that Plaintiff will be able to cure these deficiencies. However, because the Court is ordinarily reluctant to dismiss a complaint without leave to amend when pleading deficiencies have not been previously addressed, it will provide Plaintiff an opportunity to re-plead his claims. Thus, Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e) with leave to amend. In the event that Plaintiff elects to file an amended complaint, he must do so within **thirty (30) days** of this Order.

**IT IS SO ORDERED.**

Dated:  July 2, 2025

Honorable James E. Simmons Jr.
United States District Judge

---

on the merits." *Id.*; *see also Senate of State of Cal. v. Mosbacher,* 968 F.2d 974, 978 (9th Cir. 1992) ("[a] judgment on the merits in the guise of preliminary relief is a highly inappropriate result").