UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**Jacob Matthew, a Private Minnesotan, Trustee of a Private, Foreign Equitable Trust,**
Plaintiff,

v.

**United States, United States Department of State, San Diego Passport Agency, Marco Rubio, in his official capacity as Secretary of State,**
Defendants.

**Case No.: '25CV1664 JES JLB**

**Plaintiff's Contact Information**
Jacob Matthew
c/o 29489 Miller Road
Valley Center, CA 92082
Phone: (763) 258-3004
Email: jakej2284@gmail.com
Sui Juris Plaintiff

**AMENDED VERIFIED EQUITABLE COMPLAINT FOR SPECIFIC PERFORMANCE**

COMES NOW, Jacob Matthew, a living man born on October 2, 1991, on the land of Minnesota, acting in private capacity as a private Minnesotan, with his legal name "Jacob Matthew" and private equitable estate recognized and affirmed by the Superior Court of California, County of San Diego, Case No. 24CU019517N, granted on December 13, 2024 (Exhibit 1), which expressly distinguishes and exonerates Plaintiff from JACOB MATTHEW JENSEN (whom Defendants wrongfully attach to Plaintiff), a statutory persona with an associated SSN and prior passport, and as Trustee of the Jacob Matthew: Jensen Family Trust, a private, foreign equitable trust executed on December 18, 2024, respectfully submitting this Amended Verified Equitable Complaint to compel Defendants to issue a U.S. passport reflecting Plaintiff's private capacity as a Minnesotan, without requiring a Social Security Number (SSN), which Plaintiff has never been issued (Exhibits 10, 11), as such a demand wrongly attaches Plaintiff to JACOB MATTHEW JENSEN's identity, despite his judicial affirmation, breaching his fiduciary duty to the trust and exposing its assets and beneficiaries to statutory obligations, per "equity looks to the intent rather than the form" (*Pomeroy's A Treatise on Equity Jurisprudence*, Volume 1, Section 378). Plaintiff seeks specific performance, injunctive relief, and waiver of filing fees under the Court's inherent equitable jurisdiction, per "equity will not suffer a wrong without a remedy."

**I. JURISDICTION AND VENUE**

1

1. Plaintiff invokes this Court's equitable jurisdiction under 28 U.S.C. § 1331 for federal questions arising from Defendants' violations of Plaintiff's constitutional rights, including privacy and self-expression (First, Fourth, Fifth Amendments, as supported by *Griswold v. Connecticut*, 381 U.S. 479, 485 (1965) and *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015)), due process and equal protection (Fifth Amendment, as supported by *Bolling v. Sharpe*, 347 U.S. 497 (1954)), and travel (Fifth Amendment, as supported by *Saenz v. Roe*, 526 U.S. 489, 504 (1999)); aligning with 28 U.S.C. § 1346(a)(2) for non-tort claims against the United States; aligning with 28 U.S.C. § 1361 for mandamus; aligning with 5 U.S.C. § 702 for arbitrary agency action; and to enjoin federal officials' unconstitutional actions under *Ex parte Young*, 209 U.S. 123, 159 (1908). Defendants' arbitrary passport denial without an SSN, which Plaintiff has never been issued (Exhibits 10, 11), violates his rights, per "equity demands justice."
2. The wrongs occurred in the Southern District of California, where the San Diego Passport Agency is located, rendering this forum proper, per "equity reaches the place where injustice was wrought" (*Pomeroy*, Volume 1, Section 378).

## II. PARTIES

3. Plaintiff Jacob Matthew is a living man acting in private capacity as a Minnesotan, distinct from JACOB MATTHEW JENSEN or any statutory persona, as affirmed by California Superior Court Case #24CU019517N (Exhibit 1), and supported by *Hale v. Henkel*, 201 U.S. 43, 74 (1906), per "equity protects the innocent." As Trustee of the Jacob Matthew: Jensen Family Trust, Plaintiff is duty-bound to protect the trust's foreign status and beneficiaries, per "equity demands justice." As a pro se litigant, Plaintiff's pleadings are held to less stringent standards, as supported by *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).
4. Defendant United States is a sovereign entity responsible for its agencies' actions.
5. Defendant United States Department of State oversees passport issuance.
6. Defendant San Diego Passport Agency, at 1 Columbia Place, 401 W A Street, Suite 350, San Diego, CA, wrongfully withheld Plaintiff's passport.
7. Defendant Marco Rubio, in his official capacity as Secretary of State, oversees the Department of State and is accountable for its actions, per "equity acts in personam."

## III. FACTUAL ALLEGATIONS

8. Plaintiff was born on October 2, 1991, on the land of Minnesota, into a private equitable estate, possessing unalienable rights to expression, travel, equitable treatment, and freedom from arbitrary burdens, as supported by *United States v. Cruikshank*, 92 U.S. 542, 553 (1875). His equitable status as a private Minnesotan, distinct from JACOB MATTHEW JENSEN, is an undisputed fact, and is recognized and affirmed by

2

California Superior Court Case #24CU019517N (Exhibit 1), per "equity protects the innocent."

9. On December 18, 2024, Plaintiff executed the Jacob Matthew: Jensen Family Trust, a private, foreign equitable trust, accepting trusteeship to protect its beneficiaries, none of whom are subject to statutory obligations, per Exhibits 7 (Certificate of Trust) and 8 (Notice of Acceptance by Trustee), and "equity regards substance over form" (*Pomeroy*, Volume 1, Section 378).

10. Plaintiff has never been issued an SSN, as affirmed by sworn affidavits with every DS-11 application (per DS-11 instructions) and Exhibits 10 and 11, and has no legal obligation to obtain one, as such designation would breach his fiduciary duty and impose statutory obligations on the trust, causing irreparable harm, per "equity abhors a forfeiture" (*Pomeroy*, Volume 1, Section 459).

11. On October 4, 2024, Plaintiff applied for a U.S. passport at the Valley Center Post Office, submitting all required information, meeting all requirements with no disqualifying factors. Defendants denied the application (Exhibit 2), demanding an SSN and misidentifying Plaintiff as JACOB MATTHEW JENSEN, despite his explanatory statement, prompting judicial recognition in California Superior Court Case #24CU019517N, per "equity will not suffer a wrong without a remedy" (*Holland v. Challen*).

12. On April 28, 2025, Plaintiff reapplied at the San Diego Passport Agency with private birth records, photos, trust documentation, identification, Exhibit 1, and a sworn affidavit affirming no SSN. Defendants demanded additional documents, misidentifying Plaintiff as JACOB MATTHEW JENSEN, despite his judicial affirmation, restraining his expression and right to travel, per "equity protects against unjust disclosure" (*Griswold v. Connecticut*, 381 U.S. 479, 485 (1965)).

13. On April 30, 2025, Plaintiff sent notices via certified mail to the San Diego Passport Agency (Exhibit 3), Marco Rubio (Exhibit 4), Office of Inspector General (Exhibit 5), California Attorney General, and U.S. Attorney General (Exhibit 6), demanding issuance of a passport reflecting his private capacity as a Minnesotan, distinct from JACOB MATTHEW JENSEN, as affirmed in California Superior Court Case #24CU019517N to the Department of State, and demand for help to the Attorney Generals, with no response, constituting acquiescence, per "equity regards silence as admission" (*Gibson*, Chapter 2, Section 22).

14. On May 21, 2025, Plaintiff resubmitted his application with his birth certificate, six secondary forms of identification, parental affidavits, DS-11, DS-10s, photographs, fees, a sworn affidavit affirming no SSN, and other private records not required but evidence of Plaintiff's status, meeting all requirements with no disqualifying factors. Defendants denied the application, demanding an SSN (Exhibit 9), which Plaintiff cannot provide, breaching his fiduciary duty and right to travel, per "equity demands justice."

15. On February 13, 2025, Plaintiff sent a Notice of Fiduciary Relations to Defendants (Exhibit 11), asserting his duty to protect the trust's foreign status, with no response, constituting acquiescence, per "equity regards silence as admission."
16. Defendants' wrongful attachment and arbitrary demands exacerbated a June 20, 2025, wrongful detainment by San Pasqual tribal officers, partly due to Plaintiff's lack of a "standard" government ID, causing deprivation of fundamental rights to expression, property, travel, liberty, and equitable treatment, causing irreparable harm to his equitable estate and trust, as detailed in a separate federal complaint (Case No. '25CV1665 DMS SMB), per "equity will not suffer a wrong without a remedy."
17. Defendants' arbitrary refusal to issue a passport prevents Plaintiff from fulfilling familial and cultural obligations, including attending a niece's birth (January 2025), Easter (April 5, 2025), a family reunion (July 8–12, 2025), the Lakota Sundance Ceremony (July 12–14, 2025), and professional obligations in England (August 15–20, 2025 (tentatively), to negotiate with Octagenix Biopharmaceuticals and Wyatt Group International for a potential $1.35 billion patent addressing alcoholism and liver disease, impacting 940 million people), breaching his right to interstate and international travel, as the Real ID Act (effective May 7, 2025) bars air travel without a passport, also preventing trust obligations in South Dakota (March 10–21, 2025, health education with Dr. Cory Carter), North Dakota (June 10–15, 2025, branding for a private beneficiary), Minnesota (July 8–12, 2025, assessing beneficiary needs), and South Dakota (July 12–14, 2025, Lakota collaboration), causing irreparable harm, as supported by *Saenz v. Roe*, 526 U.S. 489, 504 (1999), per "equity protects the innocent."

## IV. UNALIENABLE RIGHTS

18. As a private Minnesotan and Trustee, born on the land of Minnesota, Plaintiff possesses unalienable rights predating government, protected in equity, secured by the Constitution, which Defendants have wrongfully deprived through their actions, entitling Plaintiff to equitable relief, per "equity will not suffer a wrong without a remedy" (*Holland v. Challen*):
    a. **Right to Privacy and Self-Expression**: Plaintiff may operate privately, shielding his personal information and trust affairs, and express his judicially affirmed identity as a private Minnesotan, distinct from JACOB MATTHEW JENSEN, as supported by *Griswold v. Connecticut*, 381 U.S. 479, 485 (1965) and *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015), per "equity protects against unjust disclosure." Defendants violated this by demanding an SSN, which Plaintiff does not have (Exhibits 10, 11), and misidentifying him as JACOB MATTHEW JENSEN (Exhibits 2, 9), despite Exhibit 1, threatening his privacy and First Amendment expression, entitling Plaintiff to specific performance (passport issuance) and injunctive relief (prohibiting SSN demands and misidentification), per "equity demands justice."

4

    b. **Right to Freedom from Arbitrary Burdens**: Plaintiff is free from unjust demands, such as an SSN he cannot provide, as supported by *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886), per "equity abhors a forfeiture." Defendants imposed an arbitrary SSN requirement (Exhibits 2, 9) despite compliance with all legal requirements and no disqualifying factors, as supported by *Kent v. Dulles*, 357 U.S. 116, 125 (1958) (Paragraph 20), causing irreparable harm, entitling Plaintiff to specific performance, per "equity demands justice."

    c. **Right to Equitable Treatment**: Plaintiff is entitled to fair treatment, as supported by *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982), per "equity demands justice." Defendants denied this by misidentifying Plaintiff and ignoring Exhibit 1, Exhibits 10, 11, and Plaintiff's oaths, entitling Plaintiff to specific performance and injunctive relief, per "equity acts in personam."

    d. **Right to Travel**: Plaintiff may travel freely, as supported by *Saenz v. Roe*, 526 U.S. 489, 504 (1999), per "equity protects the innocent." Defendants violated this by denying passport applications, causing eight-month travel restrictions (Paragraph 17), entitling Plaintiff to specific performance, per "equity demands justice."

    e. **Right to a U.S. Passport**: Plaintiff has a clear and certain claim to a passport as he was born on the land of Minnesota, and meets all legal requirements with no disqualifications, as supported by *Kent v. Dulles*, 357 U.S. 116, 125 (1958), per "equity will not suffer a wrong without a remedy." Defendants violated this by denying applications despite eligibility (Paragraphs 11–14), entitling Plaintiff to specific performance.

    f. **Right to Exist as a Natural Person**: Plaintiff may act as a private living man, as supported by *Hale v. Henkel*, 201 U.S. 43, 74 (1906), per "equity regards substance over form." Defendants violated this by misidentifying Plaintiff as a statutory persona (Exhibits 2, 9), entitling Plaintiff to specific performance and injunctive relief.

    g. **Right to Fulfill Fiduciary Duty**: Plaintiff may manage his trust without statutory interference, as supported by *Bogert v. Bogert*, 138 Cal. App. 2d 405, 410 (1956), per "equity acts in personam." Defendants violated this by demanding an SSN, threatening the trust's status (Paragraphs 10–15), entitling Plaintiff to specific performance and injunctive relief.

## V. CAUSES OF ACTION

**Count I: Wrongful Deprivation of Unalienable and Constitutional Rights Under 42 U.S.C. § 1983 and Equitable Principles**

    19. Plaintiff incorporates paragraphs 1–18.

20. Defendants, acting under color of federal law, violated Plaintiff's unalienable and constitutional rights under the First Amendment (privacy and self-expression), as supported by *Griswold v. Connecticut*, 381 U.S. 479, 485 (1965) and *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015)), Fifth Amendment (due process, equal protection, and travel, as supported by *Bolling v. Sharpe*, 347 U.S. 497 (1954), *Saenz v. Roe*, 526 U.S. 489, 504 (1999), and *Kent v. Dulles*, 357 U.S. 116, 125 (1958)) under 42 U.S.C. § 1983, seeking injunctive relief against Rubio and the San Diego Passport Agency, per *Ex parte Young*, 209 U.S. 123, 159 (1908).

21. Plaintiff seeks injunctive relief under *Ex parte Young* to halt ongoing violations of his First and Fifth Amendment rights, as Defendants' actions are stripped of official character when unconstitutional. Claims against the United States and Department of State are brought under 28 U.S.C. § 1346(a)(2) for equitable relief. Defendants' actions also warrant mandamus relief under 28 U.S.C. § 1361, as Plaintiff has a clear and certain right to a passport, meeting all requirements, and Defendants' duty is ministerial absent disqualifying factors, as supported by *Kent v. Dulles*, 357 U.S. 116, 125 (1958). The denials are arbitrary and capricious under 5 U.S.C. § 706(2)(A), as they exceed 22 U.S.C. § 2714a for a no-SSN applicant, as supported by *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886).

22. Defendants denied Plaintiff's passport applications on October 4, 2024, April 28, 2025, and May 21, 2025 (Exhibits 2, 9), demanding an SSN Plaintiff has never been issued (Exhibits 10, 11), and misidentifying him as JACOB MATTHEW JENSEN, despite his judicial affirmation in California Superior Court Case #24CU019517N (Exhibit 1), chilling his ability to assert his identity as a private Minnesotan and violating his first amendment right, as supported by *Reed v. Town of Gilbert*.

23. Plaintiff has a clear and certain claim to a U.S. passport as a U.S. national born on the land of Minnesota, meeting all legal requirements with no disqualifying factors, as supported by *Kent v. Dulles* and *Saenz v. Roe*, reflecting his private capacity as a Minnesotan, distinct from the statutory persona JACOB MATTHEW JENSEN. This arbitrary denial violates Plaintiff's rights to expression, travel, equitable treatment, freedom from arbitrary burdens, natural person status, and fiduciary duty (Section IV), causing irreparable harm through eight-month travel restrictions (missed niece's birth, January 2025; Easter, April 5, 2025; family reunion, July 8–12, 2025; Lakota Sundance Ceremony, July 12–14, 2025; professional obligations in England, August 15–20, 2025, to negotiate with Octagenix Biopharmaceuticals and Wyatt Group International for a $1.35 billion patent addressing alcoholism and liver disease, impacting 940 million people) and exacerbating a June 20, 2025, detainment (Case No. '25CV1665 DMS SMB, Paragraph 16), entitling Plaintiff to specific performance to compel passport issuance and injunctive relief, per "equity will not suffer a wrong without a remedy" (*Holland v. Challen*).

**Count II: Arbitrary and Capricious Agency Action Under 5 U.S.C. § 706**

24. Plaintiff incorporates paragraphs 1–18.
25. Plaintiff has met all passport eligibility requirements, submitting a Minnesota birth certificate, six secondary forms of identification, parental affidavits (DS-10s), DS-11 applications, photographs, fees, and sworn statements affirming no SSN issuance and has no disqualifying factors.
26. Defendants' denials (Exhibits 2, 9) and imposition of an SSN requirement, despite Plaintiff's compliance with DS-11 instructions allowing no-SSN affirmations, were arbitrary and capricious under 5 U.S.C. § 706(2)(A), as Plaintiff has no SSN and cannot provide what does not exist, preventing international travel, and interstate travel under the Real ID Act (effective May 7, 2025), as supported by *Yick Wo v. Hopkins*.
27. Defendants' ministerial duty to issue a passport, as supported by *Kent v. Dulles*, arises upon Plaintiff's compliance with eligibility requirements and absence of disqualifying factors under 22 C.F.R. § 51.60, entitling Plaintiff to specific performance and injunctive relief, per "equity demands justice."
21. Defendants' discretionary authority under 22 U.S.C. § 211a and 22 C.F.R. § 51.60 is limited by DS-11 instructions, which allows acceptance of no-SSN affidavits, rendering the duty ministerial for compliant applicants like Plaintiff's with no SSN, as supported by *Kent v. Dulles*. No grounds for denial under 22 C.F.R. § 51.60 (national security, child support arrears, tax debt, legal impediments) apply, as Plaintiff has no disqualifying factors, no SSN and a judicially affirmed status (Exhibit 1). The court's prior reliance on *Walker v. Tillerson*, No. 1:17-CV-732, 2018 WL 1187599 (M.D.N.C. Mar. 7, 2018), is inapposite, as Plaintiff's no-SSN status (Exhibits 10, 11) renders the requirement arbitrary, unlike *Walker*, where the plaintiff had an SSN, as supported by *Yick Wo v. Hopkins*.
22. Defendants' SSN demands and misidentification (Exhibits 2, 9) are arbitrary, violating Plaintiff's rights to a passport and natural person status (Section IV.e–f), and their non-response to Plaintiff's notices (Exhibits 3–6, 11) constitutes acquiescence, per "equity regards silence as admission" (*Gibson*, Chapter 2, Section 22). Plaintiff is entitled to specific performance and injunctive relief, per *Ex parte Young*.

### VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES EXCUSED

23. Plaintiff pursued all available administrative remedies in good faith, submitting an appeal on June 10, 2025, for Defendants' passport denials (Exhibit 10). Exhaustion is excused due constitutional rights violations as well as to futility, as the Department bars appeals over SSN demands and Plaintiff, with no SSN, cannot meet the arbitrary requirement, per "equity aids the vigilant" (*Gibson*, Chapter 33, Section 330). Plaintiff's notices (Exhibits 3–6, 11) received no response, constituting acquiescence, per "equity regards silence as admission." The administrative process offers no equitable relief, and judicial intervention is necessary, as supported by *Weinberger v. Romero-Barcelo*.

## VII. PRAYER FOR RELIEF

24. WHEREFORE, Plaintiff respectfully requests:

A. Specific performance, compelling Defendants to issue a U.S. passport to Jacob Matthew, reflecting his private capacity as a Minnesotan, without requiring an SSN, which Plaintiff has never been issued, as supported by *Kent v. Dulles*, 357 U.S. 116, 125 (1958), per "equity will not suffer a wrong without a remedy."

B. Injunctive relief under *Ex parte Young*, 209 U.S. 123, 159 (1908), prohibiting Defendants Rubio and the San Diego Passport Agency from demanding an SSN or other arbitrary burdens that breach Plaintiff's fiduciary duty or expose the trust to statutory obligations, per "equity acts in personam."

C. Injunctive relief under *Ex parte Young* prohibiting Defendants Rubio and the San Diego Passport Agency from misidentifying Plaintiff as JACOB MATTHEW JENSEN, as supported by *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015), per "equity demands justice."

D. Injunctive relief waiving filing fees, as Plaintiff's indigence results from Defendants' actions, as supported by *Boddie v. Connecticut*, 401 U.S. 371, 374 (1971), per "equity aids the vigilant."

E. Any other equitable relief the Court deems just, as supported by *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982), per "equity provides complete relief."

## VIII. EXHIBITS

1. California Superior Court Case #24CU019517N (December 13, 2024)
2. Letter from Dept. of State (Oct. 17, 2024)
3. Notice to San Diego Passport Agency (Apr. 30, 2025)
4. Notice to Marco Rubio (Apr. 30, 2025)
5. Notice to Office of Inspector General (Apr. 30, 2025)
6. Notice to California Attorney General, U.S. Attorney General (Apr. 30, 2025)
7. Certificate of Trust (Dec. 18, 2024)
8. Notice of Acceptance by Trustee (Dec. 18, 2024)
9. Letter from Dept. of State (June 6, 2025)
10. Appeal Letter to Dept. of State (June 10, 2025)
11. Notice of Fiduciary Relations (Feb. 13, 2025)

## IX. VERIFICATION

I, Jacob Matthew, certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that I have no SSN, as a living man acting in private capacity as a Minnesotan and Trustee, seeking the Court's equitable protection as a beneficiary, per "equity demands truth" (*Gibson*, Chapter 2, Section 18).

DATED: July 14, 2025
Respectfully submitted,

Jacob Matthew, in Private Capacity
c/o 29489 Miller Road
Valley Center, CA 92082
Phone: (763) 258-3004
Email: jakej2284@gmail.com
Sui Juris Plaintiff

Autograph: _____ /Beneficiary
Jacob Matthew, Without Prejudice, All Rights Reserved, Without Recourse
Private Minnesotan, Sui Juris, In Private Capacity