UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB MATTHEW,<br><br>                      Plaintiff,<br><br>v.<br><br>UNITED STATES, UNITED STATES DEPARTMENT OF STATE, SAN DIEGO PASSPORT AGENCY, and MARCO RUBIO, in his official capacity as Secretary of State,<br><br>                      Defendants. | Case No.:   3:25-cv-01664-JES-JLB<br><br>**ORDER:**<br><br>**(1) DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO SCREENING UNDER § 1915(e);**<br><br>**(2) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS;**<br><br>**(3) DENYING MOTION TO CLARIFY EQUITABLE STATUS;**<br><br>**(4) DENYING MOTION FOR REQUEST FOR IN-CHAMBERS CONFERENCE;**<br><br>**(5) DENYING MOTION FOR PRELIMINARY INJUNCTION; AND**<br><br>**(6) DENYING NOTICE OF MOTION FOR HEARING**<br><br>[ECF Nos. 13, 14, 15, 16, 17] |

*Pro se* Plaintiff Jacob Matthew ("Plaintiff") brings the instant action against Defendants the United States, United States Department of State, San Diego Passport Agency, and Marco Rubio, in his official capacity as Secretary of State (collectively, "Defendants"), seeking to compel Defendants to issue a U.S. passport without the requirement of providing a social security number ("SSN").

Plaintiff filed his initial complaint in this matter on June 30, 2025. ECF No. 1. On July 2, 2025, this Court dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) with leave to amend and dismissed other pending motions as moot. ECF No. 11. The Court identified multiple deficiencies within the complaint; most glaringly, however, was Plaintiff's failure to state a claim upon which relief may be granted. *See id.* at 3-5.

On July 22, 2025, Plaintiff filed his first amended complaint ("FAC") and brings the following motions: (1) Motion for Leave to Proceed *in forma pauperis* ("*IFP*"); (2) *Ex Parte* Motion to Clarify Equitable Status; (3) *Ex Parte* Motion to Request for In-Chambers Conference; (4) Motion for Preliminary Injunction; and (5) Notice of Motion for Hearing. ECF Nos. 12, 13, 14, 15, 16, 17. Plaintiff's FAC, however, contains the same factual allegations as his initial complaint. *See* ECF No. 12. Consequently, the Court finds that Plaintiff once again fails to state a claim upon which relief may be granted and **DISMISSES** the FAC pursuant to 28 U.S.C. § 1915(e) **without leave to amend**. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*IFP* complaint is subject to a mandatory and *sua sponte* review by the Court); 28 U.S.C. § 1915(e)(2) (instructing courts to dismiss *IFP* complaint that fail to state a claim upon which relief may be granted); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *IFP* complaint); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("A district court…may in its discretion deny leave to amend…due to repeated failure to cure deficiencies by amendments previously allowed.") (internal quotations and citations omitted).

1     Because Plaintiff fails to state a claim upon which relief may be granted, the Court
2 **DENIES** all other motions as moot. The Clerk of Court is directed to close this case.
3     **IT IS SO ORDERED.**

Dated: August 25, 2025

*[signature]*

Honorable James E. Simmons Jr.
United States District Judge